UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION IN ADMIRALTY

**CASE NO.: 0:19cv63133**

RUTH M. MURRAY,

  Plaintiff,
vs.

CLASSICA CRUISE OPERATOR LTD.
INC., a Foreign Profit Corporation,

  Defendant.
_____/

## **SECOND AMENDED COMPLAINT**

  Plaintiff, RUTH M. MURRAY, sues Defendant, CLASSICA CRUISE OPERATOR LTD. INC., a Foreign Profit Corporation, and alleges:

  1. The Honorable Court has admiralty jurisdiction under 28 U.S.C.§ 1333 because Plaintiff's, RUTH M. MURRAY, claim arose on Defendant's, CLASSICA CRUISE OPERATOR LTD. INC., ship while she was on navigable waters off the coast of Florida.

  2. The Broward Division of the Southern District of Florida is the proper venue for this action because CLASSICA CRUISE OPERATOR LTD. INC. operate its common carrier business here under the name Bahamas Paradise Cruise Line and the parties agreed to litigate this dispute here.

  3. Plaintiff satisfied all conditions precedent or they are waived.

  4. CLASSICA CRUISE OPERATOR LTD. INC., operated, possessed, and controlled the Grand Classica (the ship).

  5. Plaintiff, RUTH M. MURRAY, was a passenger (a ticketed invitee) lawfully aboard the ship for a multi-day cruise from February 28, 2019 to March 2, 2019 (the cruise).

  6. The cruise departed from the Port of Palm Beach, in Riviera Beach, Florida.

7. This Complaint is timely because it is within the statute of limitations.

## COUNT I– NEGLIGENCE AGAINST DEFENDANT, CLASSICA CRUISE OPERATOR LTD. INC.

8. The Plaintiff, RUTH M. MURRAY, incorporates paragraphs 1-7, above.

9. On or about March 1, 2019, Plaintiff tripped and fell upon exiting an elevator which was not level with the ground when the elevator doors opened.

10. Plaintiff did not see any warning signs in or around the subject elevator.

11. Plaintiff suffered, among other things, a fractured right wrist/hand.

12. Plaintiff's medical bills are currently approximately $17,000.00.

13. CLASSICA CRUISE OPERATOR LTD. INC., knew or should have known that the elevators are a hazard on the ship and are a commonly-occurring hidden danger to passengers.

14. CLASSICA CRUISE OPERATOR LTD. INC.'s knowledge about the elevator that injured the Plaintiff was superior to the Plaintiff's knowledge.

15. CLASSICA CRUISE OPERATOR LTD. INC. owed Plaintiff a duty to inspect, operate, and maintain the ship reasonably under the circumstances and to warn Plaintiff of any latent dangers on the ship.

16. CLASSICA CRUISE OPERATOR LTD. INC. breached that duty by:

    a. Failing to properly inspect the elevators;

    b. Failing to provide reasonably safe elevators for Plaintiff;

    c. Failing to train and supervise the crew members in the area where Plaintiff was injured on CLASSICA CRUISE OPERATOR LTD. INC.'s rules and regulations applicable to elevator safety;

    d. Engaging in a negligent mode of operation that allowed the foregoing to occur (collectively "the dangerous conditions").

17. The dangerous conditions created a foreseeable zone of risk to Plaintiff.

18. Defendant knew about the dangerous conditions or they existed long enough that Defendant should have discovered them in exercising reasonable care under the circumstances.

19. Defendant created the dangerous conditions.

20. The dangerous conditions occurred with such frequency that Defendant was on notice of them.

21. CLASSICA CRUISE OPERATOR LTD. INC. negligence directly and proximately caused Plaintiff, RUTH M. MURRAY, permanent bodily injury, pain, suffering, mental anguish, disability, disfigurement, aggravation of a pre-existing condition, loss of capacity for the enjoyment of life, medical expenses, and the loss of the pleasure of the complete cruise and asks for a full refund of the value of her cruise ticket and all money spent on the cruise.

WHEREFORE, Plaintiff asks for:

a. Judgment for damages in an amount proven at trial;
b. Cost of suit;
c. Prejudgment interest where applicable; and
d. Demands trial by jury.

Dated this 23rd of January, 2020.

LAW OFFICES OF CRAIG GOLDENFARB, P.A.
Counsel for Plaintiff
1800 S. Australian Avenue, Suite 400
West Palm Beach, FL 33409
Phone: (561) 697-4440
MurrayRuth5544365@projects.filevine.com
JMaxion@800goldlaw.com
CBrito@800goldlaw.com
ARoss@800goldlaw.com

By: _____*/s/ Jorge L. Maxion*_____
**JORGE L. MAXION, ESQ.**
*Florida Bar Number: 881023*